# UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# SOUTHERN DIVISION

JASON D. OSBORN,  )
 )
      Petitioner, )
 )
vs. ) Case No. 12-3442-CV-S-RED-P
 )
JEFF NORMAN[1], et al., )
 )
      Respondents.

**OPINION AND ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

Petitioner filed this federal petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge 2009 convictions and sentences for two counts of second degree murder and three counts of first degree endangering the welfare of a child, which were entered in the Circuit Court of Wright County, Missouri. Petitioner raises four (4) grounds for relief, the first of which respondent argues is without merit and the remaining three of which respondent argues are procedurally barred from federal habeas corpus review. Doc. No. 11, pp. 3-9.

**Alleged Denial of Sixth Amendment Right to Self-Represent at Trial**

In Ground 1, petitioner contends that his Sixth Amendment rights were violated because the trial court did not allow him to represent himself at trial. The Missouri Court of Appeals denied this claim on direct appeal:

> In the instant case, Defendant filed a request to proceed pro se on May 30, 2006. On October 16, 2006, the trial court held the first of three competency hearings. At that hearing, Defendant orally reiterated his desire to represent himself:

---

[1] Because petitioner is serving consecutive sentences, Missouri Attorney General Chris Koster will be joined as a proper party respondent in this case. 28 U.S.C. § 2254, Rule 2(b).

> Q. Do you disagree with the doctor's opinion that you are not competent to stand trial right now?
>
> A. I have no problem over that, I could care less, I just want to be my own attorney.

These are the only assertions by Defendant of his right to self representation in the record before us.

While a defendant may be mentally competent to stand trial, but not competent to self-represent, see Indiana v. Edwards, 554 U.S. 164, 128 S.Ct. 2379, 2386, 171 L.Ed.2d 345 (2008); State v. Baumruk, 280 S.W.3d 600, 610 (Mo. banc 2009), Defendant here has failed to cite us to any authority for his implied converse argument that a defendant who is not mentally competent to stand trial may, nevertheless, be mentally competent to self-represent. Contrary to Defendant's position, Edwards treats mental competency to stand trial as a threshold issue to consideration of a defendant's mental competency to self-represent at trial. See Edwards, 128 S.Ct. at 2385–87.

According to the Court in Edwards:

> The two cases that set forth the Constitution's "mental competence" standard, Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4L.Ed.2d 824 (1960) ( per curiam ), and Drope v. Missouri, 420 U.S. 162, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975), specify that the Constitution does not permit trial of an individual who lacks "mental competency." Dusky defines the competency standard as including both (1) "whether" the defendant has "a rational as well as factual understanding of the proceedings against him" and (2) whether the defendant "has sufficient present ability *to consult with his lawyer* with a reasonable degree of rational understanding." 362 U.S. at 402, 80 S.Ct. 788 (emphasis added; internal quotation marks omitted). Drope repeats that standard, stating that it "has long been accepted that a person whose mental condition is such that he lacks the capacity to understand the nature and object of the Proceedings against him, *to consult with counsel, and to assist in preparing his defense* may not be subjected to a trial." 420 U.S., at 171, 95 S.Ct. 896 (emphasis added).

2

Id. at 2383. This standard is juxtaposed by the Edwards Court to the "constitutional right to proceed without counsel when" a criminal defendant "voluntarily and intelligently elects to do so" as announced in Faretta v. Edwards, 128 S.Ct. at 2383.

The Edwards Court referred to the latter as being "the higher standard at issue here" and referred to Edwards as a "gray-area defendant," describing a defendant in an area demarcated on one side by having the mental competence to stand trial, and on the other side by having the mental competence to self-represent at trial. Id. at 2385. The Supreme Court further noted that a defendant having the mental competency to stand trial can by definition assist counsel at trial, "yet at the same time he may be unable to carry out the basic tasks needed to present his own defense without the help of counsel." Id. at 2386. The Court later referenced this dichotomy as "the defendant's ability to play the significantly expanded role required for self-representation even if he can play the lesser role of represented defendant." Id. at 2387 (emphasis added). Finally, as relevant here, the Court observed the following:

> An amicus brief reports one psychiatrist's reaction to having observed a patient (a patient who had satisfied Dusky) try to conduct his own defense: "[H]ow in the world can our legal system allow an insane man to defend himself?" Brief for Ohio et al. as Amici Curiae 24 (internal quotation marks omitted). See Massey [v. Moore], 348 U.S. [105] at 108, 75 S.Ct. 145, 99 L.Ed. 135 [(1954)] ("No trial can be fair that leaves the defense to a man who is insane, unaided by counsel, and who by reason of his mental condition stands helpless and alone before the court"). The application of Dusky's basic mental competence standard can help in part to avoid this result. But given the different capacities needed to proceed to trial without counsel, there is little reason to believe that Dusky alone is sufficient.

Id. Consistent with the analysis in Edwards, we conclude that a trial court's finding that a defendant is not mentally competent to stand trial in accordance with the basic Dusky standard subsumes the issue of the defendant's mental competency to knowingly and intelligently self-represent and precludes an affirmative finding on that issue.

In its ruling on November 29, 2006, the trial court found "that

3

Defendant lack[ed] mental fitness to proceed, in that, as a result of mental disease or defect, he lacks the capacity to understand the proceedings against him or to assist in his own defense." This finding has not been challenged by Defendant in this appeal. Contrary to Defendant's contention otherwise and for the reasons discussed previously, this finding also implicitly includes a determination that Defendant lacks the mental competency to knowingly and intelligently self-represent.

Defendant argues that even though the trial court held a hearing on his mental competence and found him mentally incompetent to stand trial at that time, it was, nevertheless, required to conduct a separate hearing specifically directed toward determining whether Defendant was able to execute an intelligent and voluntary waiver of counsel. In support of this contention, Defendant cites us to Rodriguez v. State, 982 So.2d 1272 (Fla.App.2008). Defendant, however, misreads the nature of the Rodriguez ruling and its application to the instant case. In Rodriguez, the defendant made an oral statement in court the morning his trial was set to begin that "[he would] prefer to represent [him]self." Id. at 1273. The trial court simply denied his "request" without adducing any relevant information from the defendant. Id. The Florida Third District Court of Appeal held the trial court in error for failing to conduct a "Faretta inquiry" to determine the defendant's ability to "knowingly and intelligently waive[ ] his constitutional right." Rodriguez, 982 So.2d at 1274.

Unlike in Rodriguez, here the Defendant's request to proceed pro se was filed with the court well in advance of any courtroom proceedings, and after the motion was filed the trial court conducted a competency hearing, which inquired into the mental status of Defendant, including his mental competency to knowingly and intelligently self-represent. We have found no authority, and Defendant has cited us to none, mandating a separate, distinct hearing be held strictly to ascertain if a defendant is mentally capable of waiving his right to the assistance of counsel at a time when the court also has before it the issue of a defendant's mental incompetency to stand trial and decides that issue adversely to a defendant. Moreover, even if the ruling in Rodriguez was binding on this Court, rather than merely persuasive, the competency hearing held on October 16, 2006, for the reasons discussed previously, was an adequate inquiry into Defendant's mental competency to waive his right to counsel and satisfied the hearing requirement in Rodriguez.

> Defendant's two requests to proceed pro se were appropriately subsumed in and denied by the trial court's November 29, 2006, commitment order finding that Defendant was mentally incompetent to stand trial. **After Defendant was later found competent to stand trial on September 4, 2008, he did not make any request to self-represent or for reconsideration of his previous requests to proceed pro se. Without such action, the trial court properly proceeded under the assumption that Defendant either acquiesced with the trial court's previous determination that he was mentally incompetent to stand trial and, thus, lacked the mental competence to self-represent, or after becoming mentally competent to stand trial, Defendant knowingly and intelligently decided to proceed with the assistance of counsel.** Defendant's first point is denied.

Respondent's Exhibit E, slip op. at 9-13 (emphasis added).

Before the state court findings may be set aside, a federal court must conclude that the state court's findings of fact lack even fair support in the record. Marshall v. Lonberger, 459 U.S. 422, 432 (1983). Credibility determinations are left for the state court to decide. Graham v. Solem, 728 F.2d 1533, 1540 (8th Cir. en banc), cert. denied, 469 U.S. 842 (1984). It is petitioner's burden to establish by clear and convincing evidence that the state court findings are erroneous. 28 U.S.C. § 2254 (e)(1).[2] Because the state court's findings of fact have fair support in the record and because petitioner has failed to establish by clear and convincing evidence that the state court findings are erroneous, the Court defers to and adopts those factual conclusions.

Under the Sixth Amendment, a criminal defendant has a constitutional right to self-representation. Faretta v. California, 422 U.S. 806, 835 (1975). In order to effectuate this right, however, a criminal defendant must knowingly and intelligently forgo the benefits traditionally

---

[2]In a proceeding instituted by an application for writ of habeas corpus by a person in custody pursuant to a judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by "clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

associated with the right to counsel.  Id.  Therefore, before a defendant relinquishes his right to counsel, he must be made aware of the disadvantages of self-representation, "so that the record will establish that 'he knows what he is doing and his choice is made with eyes open.'"  Id. (Citation omitted).  As discussed by respondent, the Missouri Court of Appeals correctly articulated the law regarding the waiver of the right to representation and reasonably determined that petitioner could not waive the right to counsel when he was not competent to proceed to trial at the time of his request to do so.  Later, when petitioner was found to be competent to proceed to trial, he did not renew his previous request to self-represent and proceeded to trial represented by an attorney without protest.  Respondent's Exhibit E, pp. 9-11.  Because the state court's decision was not based upon an "unreasonable determination of the facts in light of the evidence" or a misapplication of "clearly established Federal law," 28 U.S.C. § 2254(d)(1) and (2), Ground 1 will be denied.

### Procedurally Defaulted Grounds

In Ground 2, petitioner argues that he did not knowingly and voluntarily waive the right to a jury trial.  Although petitioner raised that claim in his Rule 29.15 post-conviction motion in the trial court, the Rule 29.15 trial court ruled that the denial of a jury trial must be raised on direct appeal, not in a post-conviction motion and, alternatively, that petitioner failed to plead this ground sufficiently in the post-conviction proceeding.

In Grounds 3 and 4, petitioner argues that he received ineffective assistance of direct appeal counsel because direct appeal counsel did not raise a sufficiency of the evidence claim as to Counts 1,2, and 3 (Ground 3) and as to Counts 6 and7 (Ground 4).  Petitioner litigated only a claim regarding the underlying sufficiency of the evidence, not a claim of ineffective assistance of direct appeal counsel in his Rule 29.15 motion; moreover, he did not raise either claim on his appeal from

6

the denial of the Rule 29.15 motion.

"A habeas petitioner is required to pursue all available avenues of relief in the state courts before the federal courts will consider a claim." Sloan v. Delo, 54 F.3d 1371, 1381 (8th Cir. 1995), cert. denied, 516 U.S. 1056 (1996). "If a petitioner fails to exhaust state remedies and the court to which he should have presented his claim would now find it procedurally barred, there is a procedural default." Id.

Petitioner procedurally defaulted Ground 2 by failing to raise it on direct appeal or on appeal from the denial of his post-conviction motion and Grounds 3 and 4 by failing to include them on appeal from the denial of his Rule 29.15 motion. Sweet v. Delo, 125 F.3d 1144, 1149 (8th Cir. 1997)(recognizing that failure to present claims in the Missouri courts at any stage of direct appeal or post-conviction proceedings is a procedural default), cert. denied, 523 U.S. 1010 (1998). A federal court may not review procedurally defaulted claims "unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman v. Thompson, 501 U.S. 722, 750 (1991).

Because petitioner has failed to allege or demonstrate legally sufficient cause for his state procedural default and actual prejudice resulting therefrom in his replies to respondent's responses (Doc. Nos. 13 and 14), Grounds 2-4 will be denied.

Accordingly, it is **ORDERED** that:

(1) Chris Koster, Missouri Attorney, is joined as respondent in this case pursuant to 28 U.S.C. § 2254, Rule 2(b);

(2) the petition for writ of habeas corpus is denied; and

7

(3) this case is dismissed with prejudice.

/s/ Richard E. Dorr
RICHARD E. DORR
UNITED STATES DISTRICT JUDGE

Springfield, Missouri,

Dated: February 8, 2013 .